CAROLYN JOYCE WATSON v. WILLIAM S. HIATT, COMMISSIONER OF N.C. DIVISION OF MOTOR VEHICLES

No. 8510SC628

(Filed 31 December 1985)

**Automobiles § 2.4— refusal to give third breath sample—refusal willful—revocation of license proper**

Petitioner, by providing only two breath samples which differed by more than .02 percent in blood alcohol content, did not give the sequential breath samples necessary to constitute a valid chemical analysis, and petitioner's refusal to provide a third necessary breath sample could properly be deemed a willful refusal under G.S. 20-16.2(c) so as to support respondent's revocation of her driver's license. N.C.G.S. 20-139.1(b3).

APPEAL by respondent from *Smith, Judge.* Judgment entered 23 May 1985 in Superior Court, WAKE County. Heard in the Court of Appeals 21 November 1985.

The Division of Motor Vehicles revoked the petitioner's driver's license for a willful refusal to submit to a breathalyzer test

and a hearing officer upheld this revocation. The petitioner appealed to the Superior Court of Wake County.

The evidence at the hearing in superior court showed that on 13 January 1985 the petitioner was charged with driving while impaired. She was taken to the courthouse of Wake County and after being advised of her rights a request was made that she take a breathalyzer test. The petitioner provided a breath sample which showed a blood alcohol content of .28 percent. She gave a second breath sample two minutes later which showed a blood alcohol content of .31 percent. The petitioner was requested to submit to a third breathalyzer test and she refused to do so.

The superior court made findings of fact in accordance with the evidence and concluded that the petitioner provided sequential breath samples necessary to constitute a valid chemical analysis within the meaning of the law and that the conduct of petitioner did not constitute a willful refusal to submit to a chemical analysis test. The superior court permanently enjoined the respondent from revoking the petitioner's driver's license.

The respondent appealed.

*Hatch, Little, Bunn, Jones, Few & Berry, by E. Richard Jones, Jr., for petitioner appellee.*

*Attorney General Lacy H. Thornburg, by Associate Attorney Mabel Y. Bullock, for respondent appellant.*

WEBB, Judge.

The appellant by his assignments of error contends that it was error for the court to conclude that the petitioner provided breath samples necessary to constitute a valid chemical analysis as required by law and that petitioner's conduct did not constitute a willful refusal to submit to a breathalyzer test. We agree with the appellant.

G.S. 20-139.1(b) provides in part that "[a] chemical analysis, to be valid, must be performed in accordance with the provisions of this section." The requirements for obtaining a chemical analysis of the breath are controlled by G.S. 20-139.1(b3), which provides:

(b3) Sequential Breath Tests Required.—By January 1, 1985, the regulations of the Commission for Health Services

governing the administration of chemical analyses of the breath must require the testing of *at least duplicate sequential* breath samples. Those regulations must provide:

(1) A specification as to the minimum observation period before collection of the first breath sample and the time requirements as to collection of *second and subsequent samples.*

(2) That the test results may only be used to prove a person's particular alcohol concentration if:

a. The pair of readings employed are from consecutively administered tests; and

b. The readings do not differ from each other by an alcohol concentration greater than 0.02.

(3) That when a pair of analyses meets the requirements of subdivision (2), only the lower of the two readings may be used by the State as proof of a person's alcohol concentration in any court or administrative proceeding.

A person's willful refusal to give the sequential breath samples necessary to constitute a valid chemical analysis is a willful refusal under G.S. 20-16.2(c). (Emphasis supplied.)

This section lists the conditions which must be met for conducting chemical analyses of the breath. That within the same section is included a statement concerning willful refusal to provide the samples necessary for a valid chemical analysis demonstrates that the purpose of the section is to set out the requirements for a valid chemical analysis. It is clear from the language "at least duplicate sequential breath samples" and "second and subsequent samples" that the section contemplates situations in which more than two samples may be required to constitute a valid chemical analysis. One situation in which more than two samples would be necessary is the situation in this case where the readings for the first two breath samples differed by more than 0.02 percent blood alcohol concentration as stated in G.S. 20-139.1(b3)(2). Because in this situation neither of the first two readings can be used to prove alcohol concentration, the subject is required to provide the "subsequent samples" referred to in G.S. 20-139.1(b3)(1).

There is further support for this position in G.S. 20-139.1(b) which states in part that "[t]he chemical analysis must be performed according to methods approved by the Commission for Health Services. . . ." The regulations for the Division of Health Services provide that "[i]f the alcohol concentration differs by more than 0.02, *a third or subsequent test shall be administered as soon as feasible. . . .*" 10 N.C.A.C. 7B. 0344 (1985). (Emphasis added.) This was the situation in this case. The trial court improperly concluded that the petitioner, by providing only two breath samples, had given the sequential breath samples necessary to constitute a valid chemical analysis.

The question remains whether the petitioner's failure to provide the necessary breath samples could properly be deemed a willful refusal under G.S. 20-16.2(c) within the meaning of G.S. 20-139.1(b3).

Before petitioner's first breath sample was taken she was advised of her rights pursuant to G.S. 20-16.2(a). This section requires that the breathalyzer operator inform the petitioner, among other things, that:

(1) He has the right to refuse to be tested.

(2) Refusal to take any required test or tests will result in an *immediate* revocation of his driving privilege for at least 10 days and an additional 12-month revocation by the Division of Motor Vehicles.

(3) The test results, or the fact of his refusal, will be admissible in evidence at trial on the offense charged.

. . . .

G.S. 20-16.2(a). After the operator determined that the petitioner's first two breath samples had produced inconclusive results she informed the petitioner that a third sample was required by law. The petitioner refused to provide a third sample. As this Court stated in *Bell v. Powell*, 41 N.C. App. 131, 135, 254 S.E. 2d 191, 194 (1979):

[T]he full import of G.S. 20-16.2(c) requires an operator of a motor vehicle, who has been charged with the offense of driving under the influence of intoxicating liquor, to take a breathalyzer test, which means the person to be tested must

follow the instructions of the breathalyzer operator. A failure to follow such instruction, as the petitioner did in this event, provided an adequate basis for the trial court to conclude that petitioner willfully refused to take a chemical test of breath in violation of law.

In the instant case the trial court made findings of fact that the petitioner provided two breath samples resulting in readings of .28 and .31 and that she then refused to provide any more samples. These findings do not support the court's conclusion that the petitioner's refusal to provide a third sample was not a willful refusal within the meaning of the statutes. The petitioner refused to comply with a known legal obligation to provide the sequential breath samples necessary to constitute a valid chemical analysis of the breath. Her conduct therefore amounted to a willful refusal under G.S. 20-16.2(c) within the meaning of G.S. 20-139.1(b3).

For the foregoing reasons the judgment of the trial court is reversed and the case is remanded with instructions to reinstate the order of the Division of Motor Vehicles.

Reversed.

Judges BECTON and COZORT concur.