# STATE OF FLORIDA v SALISBURY

Case Nos. 68338-PH and 68239-PH

County Court, Volusia County

June 15, 1987

### APPEARANCES OF COUNSEL

**Ben Fox,** Assistant State Attorney, for plaintiff.

**Flem K. Whited III** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the Defendant's Motion to Suppress, counsel for the parties being present, and having heard the

evidence and argument of counsel and being otherwise fully advised in the premises, the following opinion and order is entered.

I. *Statement of the facts*:

The defendant was lawfully arrested for driving while under the influence of alcohol to the extent that her normal faculties were impaired. Two intoxilyzer tests were administered, resulting in readings of .21% and .17%. No third test was administered.

The defendant moved to suppress the test results on two grounds:

(1) That F.S. 316.1932(1)(f)(1) and F.S. 316.1934(3) are unconstitutional to the extent that they only required "substantial" compliance with HRS regulations in order to become admissible in evidence and;

(2) That the techniques used to obtain the breath sample in this case do not substantially comply with HRS regulations, in that HRS form 1033, is incorporated by reference into HRS Rule 10D-42.211(4) which requires the "minimum" of two consecutive samples of breath collected within five (5) minutes in determining the percentage of alcohol in the blood. HRS FORM 1033 states:

"NOTE: The two (2) breath tests shall be run no more than five (5) minutes apart and the two results are acceptable if within plus or minus 0.02%. If more than 0.02% difference, a third (3) breath test or a blood test should be given and the results recorded."

As stated above, no third test was given to the defendant although her two tests were more than 0.02% different.

Dr. Richard E. Jensen, a recognized expert in the field of chemical breath testing procedure testified that where the first two tests were more than 0.02% apart, the giving of a third test would narrow the margin of discrepancies between the first two tests if the third test was within 0.02% of either test.

## THE LAW

Defendant failed to submit case law or strenuously argue the unconstitutionality of F.S. 316.1932(1)(f)(1) and F.S. 316.1934(3) which requires breath testing only to be "substantially in accordance with the rules and regulations adopted by the Department of Health and Rehabilitation Service."

Courts will sustain legislative acts when it is possible to do so, and it is the invariable practice of courts never to consider, unless imperatively required, the constitutionality of State Legislation. (*Re: Jeffcots Estate*, 196 So.2d 80).

Therefore, the court finding that it is not imperatively required, will

determine the issues in this case by applying the facts in this case to the law as it is written.

Rule 10D-42.211 (HRS rules) defines "determination" as:

"Shall mean, when using direct analysis, the analyzing of a minimum of two consecutive samples of breath collected within five (5) minutes. . . ."

In accordance with this definition all subsequent rules relating to operating procedures in the use of numerous makes of breathalyzers or intoxilyzers requires the operator to perform two tests. (Rule 10D-42.24)

In setting forth an operational check list of a Noxell 400 as intoxilyzer (the one used in this case) HRS adopted FORM 1033. Item 7 of the checklist, directs the operator to repeat steps 5 through 7 for a second test and then states in the form, the following:

"NOTE: The two (2) breath tests shall be run no more than five (5) minutes apart and the two results are acceptable if within plus or minus 0.02%. If more than 0.02% difference, a third (3) breath test or a blood test should be given and the results recorded."

The defendant argues that HRS Form 1033 is a rule and the failure of the operator in this case to give a third test because the two breath tests given were not with plus or minus 0.02% and therefore the operator failed to substantially comply with the rule.

Chapter 120 F.S. entitled Administrative Procedure Act governs the administrative procedure of HRS, it being one of the State agencies as defined in Section 120.52(1) F.S. (See *Florida Department of Offender Rehabilitation v. Walsh*, 352 So.2d 575); *Straughn v. O'Riordan*, 338 So.2d 831).

Section 120.52(15) defines a "rule" as:

"(15) "Rule" means each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes an organization or procedure, or practice requirement of an agency and *includes any form which imposes any requirement* or solicits any information not specifically required by statute or by an existing rule. The term also includes the amendment or appeal of a rule." (underscoring supplied)

Clearly, by definition, HRS Form 1033 is a "rule" as defined above and the court so finds.

The next question to determine is whether the failure of the operator to give a third test is a violation of Section 316.1932 in that the rules of HRS were not substantially complied with.

The rule as cited in the "note" states that the two results are "acceptable if within plus or minus 0.02%, the inference being that if the results are not within plus or minus 0.02% the breath tests are not acceptable.

In *California v. Trombetta*, 467 U.S. 479; 82 L.Ed. 413, 104 S. Ct. 2528, the Supreme Court of the United States held that it was not in violation of the due process clause of the Fourteenth Amendment, not to preserve a defendant's breath sample for independent analysis because under California law two tests are given "to protect suspects against machine malfunctions, the Department has developed test procedures that include two independent measurements (which must be closely related for the results to be admissible)."

In *Watson v. Hiatt*, 337 S.E. 2d 871 (N.C. ARP 1985), the North Carolina Court of Appeals held that where two samples were more than 0.025 apart it did not constitute a valid analysis and the defendant's refusal to give a third sample amounted to a wilful refusal.

In *State of Florida v. Noel S. Johnson*, (85-06909; Pinellas County), County Judge David A. Demers in a lengthy and well reasoned opinion, concluded that the failure to give a third test where the first two tests are more than 0.02% apart, the failure to administer a third test shows that there is no way to accurately determine the blood alcohol level.

It would therefore seem that the failure to administer a third test under the circumstances in this case was a substantial noncompliance with the rules of HRS.

The Courts of this State have on numerous occasions been called upon to determine the admissibility of tests results obtained in violation of statutory directors. The decisions have uniformly held that such results are inadmissible. (See *Gully v. State*, 501 So.2d 1388, and cases cited on Page 1391.)

IT IS THEREFORE,

ORDERED AND ADJUDGED that the Motion to Suppress is hereby granted.

DONE, ORDERED AND ADJUDGED in Chambers at the County Courthouse Annex, 125 E. Orange Avenue, Daytona Beach, Volusia County, Florida this 15th day of June, 1987.